**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| THOMAS J. SKEENS, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:25-CV-333-TLS |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

The Plaintiff Thomas J. Skeens, Jr. seeks review of the final decision of the

Commissioner of the Social Security Administration denying his applications for disability

insurance benefits and supplemental security income. The Plaintiff argues that the

Administrative Law Judge (ALJ) made two errors in formulating his residual functional capacity.

For the reasons set forth below, reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On June 10, 2022, the Plaintiff filed applications for disability insurance benefits and

supplemental security income, alleging disability beginning on May 30, 2020. AR 10, ECF No.

9. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing,

which was held before the ALJ on December 7, 2023. *Id.* At the hearing, the Plaintiff amended

his onset date to July 21, 2021. AR 10, 77. On January 31, 2024, the ALJ issued a written

decision, finding the Plaintiff not disabled. AR 10–32. The Plaintiff sought review of the ALJ's

decision, and the Appeals Council subsequently denied review. AR 1–6. Thus, the ALJ's

decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th

Cir. 2019). On April 18, 2025, the Plaintiff filed his Complaint [ECF No. 1], seeking judicial review under 42 U.S.C. § 405(g). This appeal is fully briefed. ECF Nos. 13, 15, 16.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a).[1] To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. § 404.1512.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since July 21, 2021, the amended alleged onset date. AR 12.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of mild degenerative changes of the cervical and lumbar spines; lumbar spondylosis

---

[1] The Court cites the disability insurance benefits statutes and regulations, which are largely identical to those applicable to supplemental security income. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

2

with multilevel degenerative changes; facet arthropathy; a prior thoracic compression fracture-followed by surgery and diagnosis of chronic pain syndrome; insomnia; anxiety; and depression. AR 12.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 1.15, 1.18, 12.04, 12.06, and 12.15. AR 14.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he should not climb ladders, ropes, or scaffolds. He can occasionally kneel, crouch, and crawl. He can occasionally bend and stoop. He can occasionally use ramps and stairs. He should not work upon uneven surfaces. He can perform the balance required of such activities. He can perform simple routine tasks and instructions throughout the workday. He can frequently interact with coworkers, supervisors, and the public. He can accept instructions and criticism from supervisors.

AR 16.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 25.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of sales attendant, routing clerk, and electrical assembler. AR 26.

### STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex*

*rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the ALJ erred in formulating his RFC by rejecting the limitation to relating on a "superficial" basis with coworkers and supervisors assessed by the state agency reviewing psychologists and by rejecting his need for a cane to balance and walk.

The RFC is a measure of what an individual can do despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the

effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). The ALJ must provide a narrative discussion of the record evidence and an explanation on how the evidence supports the ALJ's RFC findings. SSR 96-8p, 1996 WL 374184, at *7.

First, the Plaintiff argues the ALJ erred in considering the opinions of the state agency reviewing psychologists regarding his social limitations. An ALJ has an obligation to evaluate every medical opinion and explain the persuasiveness of the opinion. *See* 20 C.F.R. § 404.1520c(a), (b). Medical opinions are evaluated using the following factors: (1) supportability, which means how well the objective medical evidence and supporting explanations presented by a medical source support the opinion; (2) consistency, which means how consistent the medical opinion is with the evidence from other medical sources and nonmedical sources; (3) relationship with the claimant, which considers the length of a treatment relationship, the frequency of examinations, the purpose of a treatment relationship, the extent of a treatment relationship, and whether there is an examining relationship; (4) specialization of the medical source; and (5) any other factors that tend to support or contradict the medical opinion. *Id.* § 404.1520c(c)(1)–(5). The most important factors for evaluating the persuasiveness of a medical opinion are supportability and consistency. *Id*. § 404.1520c(a), (b)(2). Therefore, the ALJ must explain how those two factors were considered in making the disability decision. *Id*. § 404.1520c(b)(2). Importantly, "[t]he RFC assessment must always consider and address

medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7.

In October 2022, state agency reviewing psychologist Stacia Hill opined that the Plaintiff would have a moderate limitation in maintaining attention and concentration for extended periods. AR 115. She found the Plaintiff can "understand, remember, and carry out detailed, but not complex tasks"; can "relate on *a superficial* and ongoing basis with co-workers and supervisors"; can "attend to tasks for a sufficient period to complete tasks"; and can "manage the stresses involved with detailed work-related tasks." *Id.* (emphasis added). On January 16, 2023, state agency reviewing psychologist Donna Unversaw affirmed Dr. Hill's opinion. AR 136.

The ALJ found the opinions "largely persuasive" because they are "generally supported by well-reasoned analysis and references to the underlying supporting medical evidence of record" and because they are "largely consistent with the longitudinal evidence, such as the claimant's mental status examination findings." AR 24–25 (citing records). However, the ALJ found that "the reference to the term superficial contact is vague and, as a result, not well supported." AR 25. The ALJ then assessed the Plaintiff with a mental RFC for the ability to perform "simple, routine tasks and instructions throughout the workday," "*frequently interact* with coworkers, supervisors, and the public," and "accept instructions and criticism from supervisors." AR 16 (emphasis added).

The Plaintiff argues that the ALJ erred by finding the state agency reviewing psychologists' opinions persuasive but then failing to give a valid reason for rejecting their opinion that he should be limited to relating on a "superficial" basis with coworkers and supervisors. The Plaintiff contends that the ALJ's explanation that "superficial" is "vague" is not

a relevant factor and does not connect in any logical way to supportability, especially given that the ALJ found the opinions well-supported and consistent with the record. The Plaintiff further argues that the RFC for "frequent interaction" with coworkers and supervisors does not equate with or account for a limitation to relating on a "superficial basis." The Commissioner responds that the ALJ properly assessed this opinion by noting the term "superficial" was vague and thus not well supported.

The Court finds that the ALJ has not given a properly supported reason for rejecting the state agency reviewing psychologists' opinion that the Plaintiff is able to relate "on *a superficial* and ongoing basis with co-workers and supervisors." The ALJ's explanation that this singular portion of the opinions is "vague" without any discussion of the medical evidence does not create a logical bridge between the evidence and the decision given the ALJ's finding that these opinions are largely persuasive based on supportability and consistency. *See Sharon B. v. Kijakazi*, No. 3:22-CV-50133, 2023 WL 3505267, at *7 (N.D. Ill. May 17, 2023) (rejecting, under SSR 96-8p, the ALJ's finding that the term "superficial" was "vague" because "the ALJ's decision to resolve the purportedly ambiguous term 'superficial' in favor of an agency-defined term meaning up to two-thirds of the day requires more explanation than a conclusory statement that the term 'superficial' is vague"); *Tanya S. v. Kijakazi*, No. 2:21-CV-38, 2021 WL 6201733, at *11 (N.D. Ind. Dec. 31, 2021) ("Importantly, 'vagueness' does not suggest inconsistency or a lack of supportability—rather, the opinion lacks in specificity, in granular and detailed articulations of limitations."); *Angela L. v. Dudek*, No. 1:23-CV-2172, 2025 WL 938467, at *7 (S.D. Ind. Mar. 27, 2025) (recognizing that "[a]n ALJ may not rely solely on vagueness in

rejecting a medical opinion" but finding that the ALJ minimally articulated her reasoning (citing *Tanya S.*, 2021 WL 6201733, at \*12)).[2]

The ALJ does not explain why the ability to relate on a "superficial and ongoing basis" is not supported by the record or why the term "superficial" is vague. In fact, ALJs have previously included a limitation to relating on a "superficial" basis with coworkers and supervisors in the RFC and the hypothetical to the vocational expert. *See, e.g.*, *Timothy O. v. Kijakazi*, No. 3:20-CV-229, 2023 WL 11960421, at \*2 (S.D. Ind. Apr. 21, 2023); *Monday v. Comm'r of Soc. Sec.*, No. 4:23-CV-96, 2025 WL 865146, at \*2 (N.D. Ind. Mar. 20, 2025); *Norman P. v. Kijakazi*, No. 1:21-CV-2542, 2022 WL 3908126, at \*1 (S.D. Ind. Aug. 31, 2022); *Spry v. Kijakazi*, No. 3:20-CV-742, 2022 WL 101335, at \*3 (N.D. Ind. Jan. 11, 2022); *Yurt v. Colvin*, 758 F.3d 850, 855 (7th Cir. 2014); *see also Cain v. Bisignano*, 148 F.4th 490, 499 (7th Cir. 2025) (finding that two different medical opinions that the plaintiff "should not be required to have prolonged, intensive interaction with others" and "could relate on a superficial and ongoing basis with coworkers and supervisors" were sufficiently addressed by an RFC including limitations to "independent tasks" and "occasional interactions with supervisors, coworkers, and the public"); *Ratkos v. Comm'r of Soc. Sec.*, No. 1:23-CV-459, 2024 WL 4432617, at \*7 (N.D. Ind. Oct. 4, 2024) (finding that a mental RFC limiting the plaintiff to "occasional interaction" with coworkers, supervisors, and the public and "no tandem tasks" adequately addressed the opinion that the plaintiff could "relate on a superficial and ongoing basis with co-workers and supervisors" (collecting cases).

In response, the Commissioner reasons that the ALJ found the Plaintiff more limited than Dr. Hill and Dr. Unversaw as to the frequency of interactions—the psychologists found he could

---

[2] To the extent the Plaintiff references the opinion of consultative examining psychologist Frank Choate, Pl. Br. 11–12, ECF No. 13, the ALJ found that opinion unpersuasive based on a factors analysis, AR 24, and the Plaintiff does not challenge that finding.

interact on an "ongoing" basis with coworkers and supervisors, whereas the ALJ restricted the Plaintiff to "frequent" interaction (up to two-thirds of the workday) with coworkers and supervisors. AR 16, 115, 136; *see* SSR 83-10, 1983 WL 31251, at *5 (1983). First, the ALJ's decision itself does not provide this rationale of equating the limitation to "frequent contact" with the need for a limitation to relating on a "superficial" basis. Moreover, the medical opinion on the Plaintiff's ability to relate with coworkers and supervisors is made in the conjunctive: "superficial *and* ongoing." And the ALJ has not explained how the qualitative limitation of "superficial contact" in the opinions is accommodated by the quantitative limitation of "frequent contact" in the RFC. *See Paul J. S. v. Bisignano*, No. 4:24-CV-131, 2025 WL 2695586, at *5 (S.D. Ind. Sept. 22, 2025) ("The ALJ's limitation on the quantity of Paul's interactions with supervisors and co-workers therefore does not allow the Court to evaluate the ALJ's decision not to restrict the nature of those interactions, requiring remand." (collecting cases) (citing *Reynolds v. Kijakazi*, 25 F.4th 470, 470 n.3 (7th Cir. 2022)); *George S. v. Kijakazi*, No. 1:22-CV-169, 2023 WL 3436712, at *3 (N.D. Ind. Apr. 21, 2023) ("There is no indication of how the ALJ, starting from either the opinion of brief supervision and interaction or the opinion of superficial and ongoing interaction, determined that Plaintiff can have occasional interaction of unlimited depth." (citing *Hulett v. Acting Comm'r of Soc. Sec.*, No. 3:21-CV-971, 2022 WL 18399609, at *3–4 (N.D. Ind. Dec. 19, 2022); *Bishton v. Kijakazi*, No. 2:20-CV-136, 2021 WL 5564309, at *8 (N.D. Ind. Nov. 29, 2021))); *Reynolds*, 25 F.4th at 472–74 (distinguishing district court cases that remanded where the ALJ had failed to explain why a limitation to "superficial" interaction opined by a state agency consultant was not included in the RFC because, in Reynolds' case, there was no evidence of a "qualitative limitation" in his medical records).

Next, the Commissioner argues that the ALJ was only required to include in the hypothetical to the vocational expert the limitations established by the medical evidence and that the "evidence did not show that the Plaintiff needed such a restriction." Def. Br. 4–5, ECF No. 15 (citing *Reynolds*, 25 F.4th at 473 ("Crucially, however, an ALJ need only include limitations that are supported by the medical record.")). Except that the evidence, namely the opinions of Dr. Hill and Dr. Unversaw, are part of the medical record in this case. *See Reynolds*, 25 F.4th at 473 (citing *Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021) (concluding the ALJ properly omitted any manipulative limitation from RFC because "*[n]o doctor* who addressed Plaintiff's carpal tunnel syndrome ever deemed it a manipulative limitation" (emphasis added))).

And the Commissioner's citation to *Johnson v. O'Malley*, No. 4:23-CV-39, 2024 WL 1327338 (N.D. Ind. Mar. 27, 2024), is not persuasive. In *Johnson*, the court found no error when the ALJ noted a medical opinion was "vague" because "the ALJ was simply stating the facts" and the "ALJ cannot evaluate what is not there in the first place." *Id.* at *8. However, the consultative medical examiner's opinion in *Johnson* provided only: "Claimant can still do sitting, hearing, and seeing despite impairments with respect to work related activities. Claimant has mental impairment issues/problems with: Memory and sustained concentration." *Id.* This broad category of "memory and sustained concentration" could indeed be described as vague. In contrast, Dr. Hill and Dr. Unversaw in this case identified the Plaintiff's specific limitation of "relat[ing] on a superficial and ongoing basis with co-workers and supervisors" in the broader category of difficulties with social interactions.

Last, the Commissioner cites the Seventh Circuit's statement in *Grotts v. Kijakazi*: "We do not review medical opinions independently but rather review the ALJ's weighing of those opinions for substantial evidence, and we only overturn that weighing if no reasonable mind

could accept the ALJ's conclusion." 27 F.4th 1273, 1278 (7th Cir. 2022). Here, the ALJ's weighing of the limitation to relating on a "superficial and ongoing basis" as "vague" is not supported by substantial evidence, as discussed above, such that no reasonable mind could accept the conclusion.

Remand is required because, as argued by the Plaintiff, the failure to include the limitation in the RFC resulted in a hypothetical posed to the vocational expert that did not include the limitation. *See Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) ("Our cases require that an ALJ orient the [vocational expert] to the totality of a claimant's limitations . . . . Moreover, the most effective way to ensure that the [vocational expert] is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." (cleaned up)). It is unknown whether such a limitation would have changed the VE's testimony and thus the outcome. Because remand is required on this basis, the Court does not reach the Plaintiff's argument regarding his need for a cane. As he notes in his reply brief, given the time that has passed since the ALJ's decision, the current medical evidence on remand will provide additional facts from which the ALJ can make that determination.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 13] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on August 10, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT